**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD L. BOOZER, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-1433 |
| | ) | |
| v. | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| M. CHAMBERLAIN, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Richard L. Boozer, Sr., be dismissed *sua sponte* because it fails to assert a claim cognizable under 28 U.S.C. § 2254. It is further recommended that a certificate of appealability be denied.

### II. REPORT

Richard Boozer, Sr., is a state prisoner. He has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254, asserting that he was placed in the Restricted Housing Unit ("RHU") at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh") in retaliation for his "jailhouse lawyering activities." (Petition, p. 2). Notably, Boozer does not seek release from confinement, but instead seeks an order directing that he be released from the RHU and returned to the general population at SCI Pittsburgh. Id. (requesting transfer to "a less[e]r confining form of confinement").

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an

attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). On the other hand, a Section 1983 civil rights action is the proper recourse for a prisoner who is seeking redress for a purported constitutional violation related to prison conditions. Preiser, 411 U.S. at 499. As the Court of Appeals for the Third Circuit has explained:

> whenever the challenge ultimately attacks the "core of habeas" the validity of the continued conviction or the fact or length of the sentence a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate.

Leamer, 288 F.3d at 542.

Here, "no matter what the outcome of [Boozer's] habeas petition, neither the fact nor the length of his incarceration will be affected." Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002). Consequently, relief is unavailable to Boozer and his federal habeas petition should be dismissed for failing to raise a claim cognizable under 28 U.S.C. § 2254.[1]

Finally, a certificate of appealability should be denied because jurists of reason would not find it debatable whether Boozer has stated a cognizable federal habeas claim. See Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits, but on some procedural basis).

---

[1] Boozer's claim is one properly brought in a civil rights action under 42 U.S.C. § 1983. Hence, dismissal of the instant petition is without prejudice to Boozer's right to file a civil rights action, if he so chooses.

### III.  CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by

Richard L. Boozer, Sr. be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule

72.1.4 B, objections to this Report and Recommendation are due by November 17, 2008.  Failure

to timely file objections may constitute a waiver of any appellate rights.


<u>s/Cathy Bissoon</u>
Cathy Bissoon
United States Magistrate Judge


Dated: October 29, 2008

cc:
**RICHARD L. BOOZER, JR.**
CS5766
P.O. BOX 9991
Pittsburgh, PA 15233